No. 307

KATZ v. MOTORADE CORP. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5438. Decided Jan. 19, 1925.
Middleton P. J. Sayre & Mauck J. J. 4th Dist., sitting.

460. EQUITY—Will grant reformation on lease where there has been a mutual mistake made in description of premises, and lessee has been in possession of the omitted land.

BY THE COURT.

Blanche Katz leased a corner lot to one, Moore. By mutual mistake an erroneous description was used by the scrivener so that there was included in the lease, property not intended to be included and not owned by Katz, and there was omitted from the lease some part that should have been included. The lease was sold to the Motorade Corporation Company, and the real owners of the land who desired to sell their property discovered the cloud imposed on their title. The Motorade Co. released that property which was included in the least, but which they could not occupy, but demanded from Katz either a dimunition of the rent or an extension of its lease.

Katz then brought this action to reform the description in the lease and to recover the accrued rentals. The Court of Appeals held:

1. The Motorade Co. did not rely on the description embodied in the lease but occupied the land as marked out by open monuments of possession.

2. There was no doubt of what Katz owned, and the Company never lost possession of one inch of the land intended to be in the lease.

3. We do not find any equities in favor of the Motorade Co. a decree will be entered as prayed for by Katz.

Attorneys—E. A. Roob and J. C. Block, for Company; Horace Neff for Katz; all of Cleveland.

No. 308

DAY, Rec. v. McARTHUR BRICK CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1194. Decided Feb. 20, 1925.

1063. SALES—Irregularity in sale of property does not warrant its being set aside.

BY THE COURT.

This proceeding is in error, and was brought by Luther Day, Receiver of the Copen Creek Coal Co. and A. J. Wiegand, to reverse the judgment and order of the Franklin Common Pleas in confirming the sale of property and assets of the Fulton Brick Co.

At the public offering of the property the same was bid in by Wiegand who apparently acted as trustee for the Coal Co. The McArthur Brick Co. offered $5050. The trial court offered to set aside the sale if Wiegand would deposit $7,500 as a guarantee for future sale of the property| This offer was refused and the court confirmed the sale to the McArthur Brick Co. for $5050.

Day contends that there was no appraisement of the property, no specific description and no clear statement as to the title. The Court of Appeals held:

1. We are of the opinion that the proceedings here were at the most only irregular and that the plaintiffs in error are not in a position to raise the question at this time.

2. After a public venue of property subject to confirmation, the trial court may consider other bids, and strike off the property to the highest bidder. The trial court doing so in this case acted within its discretion.

Attorneys—Fackler & Morgan, Cleveland, and Booth, Keating, Pomerene & Boulger, Columbus, for Day; R. E. Westfall and Hogan, Hogan & Hogan, Columbus, for McArthur Co.

**Your Copy of First Published Ohio Territorial Laws**

*Now Ready*

*If you want one*

Don't Neglect to Order It, as some other Lawyer may get it.

**Price Now $6.00**

**After April 15th, any price owners may ask**

We Publish Only 300 Copies

**The Law Abstract Co.**